IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| MICHAEL THOMSON § | |
|     Plaintiff § | |
| § | |
| v. § | Case No. 4:12cv578 |
| § | |
| DEUTSCHE BANK NATIONAL § | |
| TRUST COMPANY § | |
|     Defendant § | |

### MEMORANDUM OPINION AND ORDER OF
### UNITED STATES MAGISTRATE JUDGE

Now before the Court is Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) (Dkt. 8). As set forth below, the Court finds that the motion should be GRANTED.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This suit involves Plaintiff's loan to purchase real property located at 510 Waters Edge way, Murphy, Texas 75094 (the "Property"). *See* Dkt. 3. Plaintiff alleges that the originator of the loan at the time of his May 2006 purchase was First Franklin. According to Plaintiff, on or about January 25, 2011, First Franklin assigned its interest in the Property to Deutsche Bank National Trust Company, as Trustee for FFML Mortgage Pass-Through Certificates, Series 2006-FF11 (the "Trust"). *See* Dkt. 3 at ¶5. Plaintiff claims that, after the assignment of the loan to Deutsche, the loan was "securitized," became part of a mortgage-backed security, and was pooled with other securities and sold to investors. Dkt. 3 at ¶6. Plaintiff argues that because the closing date of the Trust was in 2006 and his loan was not assigned until 2011, the Trust never acquired his loan as an asset.

On July 27, 2012, Plaintiff filed suit against Deutsche Bank National Trust Company, as Trustee for FFML Mortgage Pass-Through Certificates, Series 2006-FF11 (the "Trust") in the 296th Judicial District Court of Collin County, Texas, arguing that Defendant did not have a valid interest in the Property. *Id.* Defendant removed the case to this Court based on diversity jurisdiction on September 7, 2012. Dkt. 1. Although not wholly clear from the face of Plaintiff's petition, it appears the suit may have been prompted by a foreclosure sale of the Property, as evidenced by the February 7, 2012 substitute trustee's deed attached to the Notice of Removal and filed in county records. *See* Dkt. 1-9.

Plaintiff's original state court petition, which has not been amended since removal, asserts the following causes of action: (1) negligent misrepresentation and (2) violation of Texas Finance Code §§ 392.303 and 392.304. Plaintiff also seeks declaratory relief under Section 37.003(a) of the Texas Civil Practices and Remedies Code regarding "the validity of any assignments, known and unknown, which may affect title to the Plaintiff's property." Dkt. 3 at ¶11.

Defendant has filed a motion to dismiss, seeking to dismiss Plaintiff's claims. Defendant makes the following arguments: (1) Plaintiff lacks standing to challenge the assignment and the pooling servicing agreement; (2) Plaintiff failed to plead necessary elements for his asserted causes of action; and (3) Plaintiff's request for declaratory relief fails because he has failed to plead a plausible underlying claim. *See* Dkt. 8. Plaintiff, after an order from the Court to do so, has filed a response in opposition.

**STANDARD FOR MOTION TO DISMISS**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L. Ed.2d 929 (2007). In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id*. at 563 n.8.

Although detailed factual allegations are not required, a plaintiff must provide the grounds of his entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. The complaint must be factually suggestive, so as to "raise a right to relief above the speculative level" and into the "realm of plausible liability." *Id*. at 555, 557 n.5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955)). For a claim to have facial plausibility, a plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). Therefore, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has

alleged – but it has not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted).

**ANALYSIS**

Having reviewed the pleadings and applicable law, the Court agrees with Defendant that this matter should be dismissed. Primarily, Plaintiff has not stated facts that would show how he has standing to challenge the Assignment or Pooling and Servicing Agreement.

Courts in this Circuit have routinely rejected borrower's challenges to pooling and servicing agreements to which they were not a party. *Roberts v. CitiMortgage, Inc.*, 2013 WL 1786583, 2 (E.D. Tex. 2013) ("a mortgagor does not have standing to challenge various assignments of the note or pooling and service agreements because the mortgagor is not a party to the assignments or agreements."); *Herrera v. Wells Fargo Bank, N.A.*, 2013 WL 961511, 8 -9 (S.D. Tex. 2013) (plaintiffs had no standing to sue for violations of pooling and service agreement because they were not party to it); *Lamb v. Wells Fargo Bank, NA*, 2012 WL 1888152, 5 (N.D. Tex. 2012) ("The Pooling and Servicing Agreement and the Mortgage Loan Sale and Assignment Agreement .... do not affect MERS's authority as nominee and beneficiary of the lender under the Deed of Trust to sell, transfer, assign or foreclose on the property at issue").

As one district court in this Circuit explained:

> Because Plaintiff is not a party to the assignment of the Note and Deed of Trust, he lacks standing to contest the assignment. To establish standing, a plaintiff must assert his own legal rights and interest and cannot rely on the legal right and interest of a third party. An assignment is a contract between assignor and subsequent assignee. In Texas, mortgage borrowers have no standing to contest an assignment from lender to lender because the borrower is not a party to those agreements. A borrower may not challenge the validity of assignments to which it

was not a party or third-party beneficiary.

*Herrera v. Wells Fargo Bank, N.A.*, 2013 WL 961511, 8 -9 (S.D. Tex. 2013).

As to any challenge to the assignment from First Franklin to the Trust, as the Fifth Circuit has recently noted, "[n]umerous district courts have addressed this question, and each one to analyze Texas law has concluded that Texas recognizes assignment of mortgages through MERS and its equivalents as valid and enforceable." *Martins v. BAC Home Loans Serv., L.P.*, 2013 WL 1777487, 2 (5th Cir. 2013). *See also See, e.g., Richardson v. CitiMortgage, Inc.*, 2010 WL 4818556, at *5 (E.D. Tex. 2010) (rejecting the plaintiffs attack on MERS, and noting that "[u]nder Texas law, where a deed of trust, as here, expressly provides for MERS to have the power of sale, then MERS has the power of sale") (*citing Athey v. MERS,* 314 S.W.3d 161, 166 (Tex. App. – Eastland 2010)); *Allen v. Chase Home Finance, LLC*, 2011 WL 2683192, at *3-4 (E.D. Tex. 2011); *Anderson v. CitiMortgage, Inc.*, 2011 WL 1113494, at *1-2 (E.D. Tex. 2011); *see also Santarose v. Aurora Bank FSB,* 2010 WL 2232819, at *5 (S.D. Tex. 2010) (rejecting the argument that MERS lacked standing to foreclose and was not a real party in interest); *Wiggington v. Bank of New York Mellon*, 2011 WL 2669071, at *3 (N.D. Tex. 2011). "[A] transfer of an obligation secured by a note also transfers the note because the deed of trust and note are read together to evaluate their provisions." *DeFranchesci v. Wells Fargo Bank, N.A.*, 2011 WL 3875338, at *4 (N.D. Tex. 2011). "Because the deed of trust specifically provided that MERS would have the power of sale, MERS had the power of sale that was passed to U.S. Bank upon MERS's assignment." *Id.* (quoting *Richardson*, 2010 WL 4818556, at *5). *See also Adams v. Bank of America, N.A.*, 2011 WL 5080217, at *4 (E.D. Tex. 2011); *McAllister v. BAC Home Loans Servicing, LP*, 2011 WL 2200672, *5 (E.D. Tex. 2011); *Eskridge*

*v. Fed. Hom Loan Mortgage Corp.*, 2011 WL 2163989 (W.D. Tex. 2011); *Schieroni v. Deutsche Bank National Trust Company*, 2011 WL 3652194 (S.D. Tex. 2011).

Here, Plaintiff's petition attaches and references the January 25, 2011 Assignment of Note and Deed of Trust from MERS as Nominee for First Franklin to Defendant. *See* Dkt. 1-4 at 26-28. Based on the governing authority, these facts do not raise a right to relief in any attempted challenge of Defendant's authority regarding the Property.

To the extent any of Plaintiff's claims are based on a theory that the sale and "securitization" of his loan into a trust caused his debt to be unsecured and precluded foreclosure, such a theory is not supported by any applicable authority. *See, e.g., Stevens v. Wells Fargo Bank, N.A.*, 2012 WL 5951087, 3(N.D. Tex. 2012); *Coleman v. Bank of New York Mellon*, 2013 WL 1187158, 4 (N.D. Tex. 2013) (rejecting theory that the securitization of the debt rendered the note "unsecured" and the deed of trust unenforceable and noting that several courts that have considered the theory have found it without any legal basis). "A transfer of an obligation secured by a note also transfers the note because the deed of trust and note are read together to evaluate their provisions." *DeFrancheschi v. Wells Fargo Bank, N.A.,* 837 F. Supp.2d 616, 623 (N.D. Tex. 2011).

More importantly, the Court agrees that Plaintiff has failed to state a claim as to his underlying causes of action. A claimant alleging negligent misrepresentation must show the following: (1) the representation is made by a defendant in the course of his business, or in a transaction in which the defendant has a pecuniary interest; (2) the defendant supplies "false information" for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff

suffers a pecuniary loss by justifiably relying on the representation. *Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp. 2d 725, 734 (N.D. Tex. 2011) (quoting *Sloane*, 825 S.W.2d at 442) (internal quotations omitted). Of critical importance here is that, in order to prevail on a claim of negligent misrepresentation in Texas, the misrepresentation at issue must be one of existing fact because "under Texas law, promises of future action are not actionable as a negligent-misrepresentation tort." *De Franceschi v. BAC Home Loans Servicing, L.P.*, 477 Fed. Appx. 200, 205, 2012 WL 1758597, 3 (5th Cir. 2012) (citing *Scherer v. Angell,* 253 S.W.3d 777, 781 (Tex. App.-Amarillo 2007, no pet.)).

Plaintiff's petition claims that Defendant misrepresented its authority to foreclose. Again, as noted above, Plaintiff does not have standing to challenge the assignment. Moreover, Plaintiff does not allege how he relied on the representation to his detriment. Nor has Plaintiff alleged damages that would survive the application of the economic loss rule. His negligent misrepresentation claim fails.

As to Plaintiff's claims of violations of the Texas Finance Code, Plaintiff has not specified the specific subsections allegedly violated and thus his petition fails to go beyond mere labels and conclusions as to those statutory violations. This reason alone is likely sufficient for dismissal. *Twombly*, 550 U.S. at 555.

Even assuming citation to the overall statutory sections were sufficient, the claims still fail. Section 392.303 of the Texas Finance Code generally prohibits using unfair or unconscionable means to collect a debt and Section 392.304 generally prohibits using fraudulent, deceptive, or misleading representations to collect a debt. Plaintiff's petition states no facts that would support

such claims. They are also dismissed.

Because Plaintiff has failed to state any facts entitling him to any relief, he is not entitled to a declaratory judgment. *California Prods., Inc. v. Puretex Lemon Juice, Inc.*, 160 Tex. 586, 334 S.W.2d 780, 781 (Tex. 1960) ("there must be a justiciable controversy between the parties before a declaratory judgment action will lie.").

Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) (Dkt. 8) is GRANTED, and Plaintiff's claims are dismissed in their entirety for failure to state a claim.

**SO ORDERED.**

**SIGNED this 6th day of June, 2013.**

                                             _____
                                             DON D. BUSH
                                             UNITED STATES MAGISTRATE JUDGE